Case number 16-4006, USA v. Demian Pina. Oral arguments not to exceed 15 minutes per side. Melissa Salinas supervising Garrett Fox for the appellant. Good morning your honors. May it please the court. I'm Melissa Salinas from the University of Michigan Law School. I'm the supervising attorney and this court has given permission for Garrett Fox to present the argument. Thank you. You may proceed. Good morning your honors. May it please the court. My name is Garrett Fox and I represent the appellant Demian Pina. With the court's permission I would like to reserve three minutes for rebuttal. Fine. Your honors, the district court erred when it ordered Mr. Pina to submit to a second competency evaluation despite the fact that three parties had already concluded that he was competent to stand trial. In requesting that evaluation the prosecution did not question the judgment of the court-appointed expert who had determined that Mr. Pina was competent to stand trial only two weeks earlier. Nor did it question the judgment of defense counsel or the court itself who had also concluded that Mr. Pina was competent. The district court then misapplied the law by ordering that second evaluation without considering the results of the first evaluation or any other evidence. The second unnecessary competency evaluation ultimately delayed Mr. Pina's trial by 115 non-excludable days and subjected him to the indignity of having his competency questioned for a second time without justification. This delay violated Mr. Pina's rights under both the Speedy Trial Act and the Sixth Amendment. One of the things that confuses me in this area is there's a competency evaluation and a mental health evaluation or a competency determination and a mental health evaluation. Am I right that those are two separate things? Your Honor, the United States talks about this in its brief. There is a competency hearing and a competency evaluation. So the competency hearing is the holistic evidentiary proceeding that the district court conducts and then the competency evaluation is a referral to a psychologist. Okay, and so my understanding was that the government made an oral motion for a second mental health evaluation because it was concerned that the first evaluations results were not accurate because your client was unwilling to answer questions during his clinical interview. Is that is that correct? Yes, Your Honor, that is correct. And you're criticizing that? Yes, Your Honor. Well, so the government when it mentioned that Mr. Pina's the results were not conclusive because Mr. Pina failed to answer certain questions substituted its judgment for the judgment of the court-appointed expert who determined Mr. Pina was competent notwithstanding the fact that he refused to answer some of those questions. The competency evaluation itself was bifurcated into two parts. The first was an actual competency evaluation which was a quantitative score scored out of a hundred points with a 70 required to pass. Mr. Pina scored an 84. The second portion was a personality inventory in which the the evaluator asked questions about Mr. Pina's marital status and even questions about his past intimate and sexual relationships and these these questions bear no intuitive relationship to Mr. Pina's competence to stand trial and especially in a matter such as this where crimes of a sexual nature are alleged, it may have been reasonable for Mr. Pina to refuse to answer those questions. However, notwithstanding Mr. Pina's failure to answer those questions, the expert concluded that Mr. Pina was competent to stand trial. I know you were not the counsel at this point in the case. His counsel objected to the second mental health evaluation, is that right? Yes, Your Honor. And what so what did the district judge say in terms of the reasoning for ordering it? Well, Your Honor, that is precisely the problem. The district court made no findings regarding the first evaluation or any of the other evidence when it ordered the second evaluation. I can refer the court to the citation when the district court did order that proceeding. After receiving the request, the court said, all right, well of course the court believes that both parties, both the government and the defense, has the right to request a second evaluation if they have concerns with regard to the conclusions and or findings with regard to the initial evaluation. And that is docket number 140. Is that wrong with that? That statement or that conclusion by the court? Yes, Your Honor, that is a blatant misstatement of the law. Section 18 U.S.C. 4241 requires that the court find reasonable grounds to doubt that the defendant is able to understand the proceedings against him and assist in its defense before it may initiate competency proceedings. Neither side has a right to request and have those competency proceedings initiated. That's what the district judge was trying to determine, wasn't it, in asking for a second evaluation? Yes, that is what the district court was trying to determine. But under this court's decision in United States v. Davis, which is a 1996 published decision of this court, the district court may not arbitrarily substitute its judgment for the judgment of a court-appointed expert. When there is a first competency evaluation, as there was in this case, the court must weigh competing evidence and determine that reasonable grounds continue to exist to order the second evaluation to be made. Well, Your Honor, as the evaluator noticed, Mr. Pina was a difficult defendant. But difficult defendant is not the same thing as an incompetent defendant. And the defense counsel maintained throughout the entirety of the proceedings that Mr. Pina was competent to stand trial. The court itself conducted extensive questioning of Mr. Pina on the record, more than 40 questions, asking him about the nature of the proceedings, asking him about whether he understood. And it concluded that he was competent to stand trial. This was before the second mental health hearing? This was... Or after? So, Your Honor, there were two, we believe, two hearings and two evaluations in the second hearing. Sorry, you're right, mental health evaluation. Was this before or after the second mental health evaluation? This was before, Your Honor. This was when Mr. Pina moved to initially continue the trial date. What triggered his second, what triggered the first competency evaluation, the second hearing, and the first evaluation in that hearing was Mr. Pina's motion to represent himself and to substitute his counsel. And Mr. Pina did not object to the first mental health evaluation, it's only the second one? Yes, Your Honor, the motion required for the first evaluation should be excludable. Were there other motions pending during the time that it took for the second evaluation such that your claim is going to a speedy trial claim, right? Yes, Your Honor. Such that the speedy trial claim would be eliminated in any event by these other motions? No, Your Honor, we do not believe so. And so the record shows that the proceedings were effectively stayed while competency was being questioned. And I actually can refer the court to a specific citation from the record where Judge Rose says precisely this. This is docket number 136 on page 1481. Immediately after the court has ordered the second competency evaluation, Mr. Pina asks if it would take another hearing and what effect that would have on the proceedings regarding his substantive motions. And the court responds, well, unless I determine that you're capable of representing yourself, I am assuming we can't go forward with the motions until you can represent yourself. So Mr. Pina is, here we have the court specifically stating that the proceedings regarding the substantive motions will not proceed until Mr. Pina's competency has been concluded. Because it all hinges on this request to represent himself. Correct, Your Honor. And obviously, if he's not competent, he shouldn't be representing himself, querying what should be happening. Did he have a lawyer at this point, or he was objecting to the lawyer, or what was the situation in that regard? So he had filed a motion to represent himself. The record indicates that his relationship with Mr. Guarnaris was still amicable at that point. Guarnaris being his lawyer? Yes. Sorry, Your Honor, that defends counsel below. He intended to stay on as a legal advisor while Mr. Pina represented himself. But yes, at the time, Mr. Pina still did have an attorney. It looks like, just looking at the record, that he was determined to be disruptive of the proceedings. Wouldn't you say? I wouldn't say that he was disruptive of the proceedings. I would say that he was very assertive of his rights, very protective of his rights. There were some questions that he did refuse to answer. But, Your Honor, again, being a difficult defendant is not the same as being an incompetent defendant. Has this court's decision... Has this put extra obligation on the district court to try to get to the bottom of the problem of his mental health, it would seem to me? It does, Your Honor, but in this case, when the district court ordered the second evaluation, it had very substantial evidence in front of it. It had already questioned Mr. Pina on the record, which is not normal. It had already referred him for a competency evaluation, and he had already been concluded competent, not only to stand trial, but to represent himself by the first court-appointed expert. So the first expert is this Dr. Demarchus? Yes, Your Honor. It sounds to me, in a summary of what Demarchus said, that there were a lot of red flags about your client's situation. Apparently, Demarchus said that the responses were sometimes idiosyncratic. Some of his answers took an inordinate amount of time. That Pina stated he didn't understand the charges against him even after Demarchus explained what they meant. I don't want to waste your time, but it sounded like there was enough to make the district judge worry. Well, Your Honor, it's true that Mr. Pina refused to answer some questions about the nature of the charges, but Mr. Pina, being very protective of his rights as he was throughout the proceedings, would understandably have been hesitant to answer specific questions about the charges against him, especially when he was informed by the court-appointed expert that only limited confidentiality applied to the proceedings, and that the expert could be called to testify about the content of their evaluation at trial. I do want to pivot very quickly to why this time should be excludable under the Speedy Trial Act, notwithstanding the United States' contention that all time for any proceeding should be excluded. To hold that the district court committed reversible error in this case, and nevertheless find that the time is not excludable under the Speedy Trial Act, would leave defendants exposed to potential abuses by the government of continually requesting competency evaluations without any recourse. And this court is not bound by precedent to reach that conclusion. The closest holding to addressing this question is United States v. Murphy, and it addressed specifically whether the time limits placed on competency evaluations under 18 U.S.C. 4247B should be counted under the Speedy Trial Clock when the competency proceedings exceed that time. And this court held that no, that was not the case. But that is not applicable to the case before the court today. We are asking the court to not exclude time for competency evaluations that are initiated in violation of 18 U.S.C. 4241. That is when the court does not adhere with what this court has acknowledged as strict requirements under 18 U.S.C. 4241 before it may initiate competency proceedings. And, Your Honors, I'll reserve the remainder of my time. Fine. Thank you. May it please the court. Kim Robinson on behalf of the United States. In light of the court's questions this morning, I'll focus on the speedy trial issue. And before I get to the language of the statute, I'd like to discuss the question of the court's decision. As Judge Moore noted, the district court and the United States were concerned with the findings of the first report. The defendant did not cooperate. There's no dispute here that the first evaluation was necessary and proper. And the district court judge, as allowed by statute, ordered a second evaluation. But DeMarchis, or however he calls himself, he concluded that Pena was competent to stand trial. That's correct, Your Honor. And I don't know how appropriate it is for me to discuss the results of that since it was filed under seal, as were our briefs. Well, we don't want to get into the details because we do have the sealed materials and we can read them. But I guess the question then would be, how can a district judge reject the finding of competency by the mental health evaluator when the issues appear to be ones that your opponent says have to do with an unwillingness of Pena to get involved with describing what his charges were because he's going to be representing himself later on, he hopes. The finding of competency by the evaluator is a piece of evidence that the district court judge can use to make his finding. It is not an ironclad finding that binds the court. So the district court in making its own finding can look in the content of the report. And here, the result was that he was competent in both the first and the second evaluations. But in the report, there was certainly a lot of discussion about the limitations placed on the evaluator because of Mr. Pena's conduct. And so what did the district court say in ordering the second mental health evaluation? Did the district judge point to those types of things? Did he point to specific things or did he just say, hey, I'm worried, I think we should have a second evaluation? I believe he said in light of the defendant's lack of cooperation was how he described it. The United States expressed its concerns first, I believe, and said out of an abundance of caution going forward, we'd like to suggest a second evaluation. And the district judge said that in light of the lack of cooperation, he agreed. And this was a public hearing and the results, of course, were under seal. And so I imagine that some of his lack of specifics was due to that. The defendant . . . At that time, had he asked to represent himself? He had, before the first evaluation was ordered, he had asked to represent himself, correct. So the district court had before it not only his competency for purposes of what are we going to get in the way of a trial if this fellow is allowed to only represent himself, right? Exactly. They had both questions. Yes. So clearly weighty questions. And the United States was seeking to protect the record by asking for the second evaluation. If the United States had not requested and the district court had not ordered a second evaluation, we felt that the record would be subject to criticism on appeal because they could look back at the first report and say, I wasn't competent and it was inappropriate for me to go forward. And the weights here are very weighty. Your opponent raised the specter of multiple mental health evaluations, not just two as in this case, but three, four or five. How would you deal with that if Mr. Soforth says he's confused about his charges? Would a third evaluation be appropriate? That's where the Constitutional Speedy Trial Claim comes. We would say that the delay is still excluded under the Speedy Trial Act, which has a very formal calculation form, but it would certainly be allowed to be relevant under the Constitutional Speedy Trial Claim. Usually it would be unusual if multiple unnecessary but without ill will evaluations weighed heavily in the Constitutional Speedy Trial Claim, but he suggested there would be no recourse if these were excluded under the statute, and that's not correct. There would be recourse under a Constitutional Speedy Trial Claim. At the end of his argument, your opponent was mentioning these various federal statutes and how they interacted with the Speedy Trial provisions. Can you address that? Yes. The Speedy Trial Act excludes all competency-related delay. There's no modifier to competency-related delay, suggesting it should be reasonable, et cetera. Nor is there any other provision in the Speedy Trial Act that suggests that there is any merits consideration here, and we have found no court that has found one. The language about when a court should grant a order of competency hearing and order of competency evaluation are in a separate statute that deals with the procedure for ordering competency evaluations and that lays that out. The standard that he discusses in his briefs is relevant to the competency hearing, which is the ultimate determination. The language in the brief refers to the decision to open up competency and hold a final hearing. Has any court merged the requirements of the two sections? We have not found any. The second evaluation, the statutory link for that, is... So what you're saying is if a mistake is made of some kind by the district judge in ordering a competency hearing, that has not been used to change the Speedy Trial Act days, right? That is correct. You just don't find any case authority about that that puts the two together? That is correct. The second evaluation is specifically allowed by another portion of the statute that is worth looking at, the competency statute, not the Speedy Trial statute. To clarify, a couple of more questions that you asked my colleague here. The defendant objected to the second evaluation, but not on Speedy Trial grounds. It wasn't an official evaluation. His attorney, who is still representing him at that point, indicated that his client would prefer not to have an evaluation. The second evaluation, the district court said, in light of his lack of cooperation, we're going to do this. So Speedy Trial wasn't raised at that time. Does he need to raise it at that time? No, it's only relevant to the constitutional Speedy Trial claim. So I thought it was worth clarifying for that purpose, but no, he does not. You also asked about the other motions that were pending. There were two motions that were pending. One was the motion to represent himself, and it's correct that that one was delayed by the competency evaluation. The other was a motion to exclude evidence. We believe it was not clear on the record that he meant to continue all of the motions. We believe it was just the motion to represent himself that he meant to exclude. So the motion to represent himself then, the district judge said, I'm going to stay ruling on that pending the competency hearing. So we shouldn't allow that to excuse any asserted error on the competency hearing. But the other motion, you're saying the district judge... There was a motion to exclude evidence that was still pending that entire time, and I think it would be permissible to... To rule on that, even though this was up in the air as to whether the defendant was representing himself or having counsel because it was unclear whether he was competent or not. I think it would be correct under the law to do that, for equitable reasons. We didn't rest on that in our briefs and went on to address it, and I think it would be appropriate and relatively easy here to do that, to go on to discuss the merits of the evaluation. And that is an independent ground for rejecting the statutory speedy trial claim. And of course, the second independent ground is the lack of length between this competence in the language that the court's been discussing and the Speedy Trial Act. There was another issue in the case having to do with the country of origin labels. Yes. Do you have anything that you want to add to your brief on that score? Sure. I'll just underline that it's unnecessary for this court to reach that issue since for each of the counts, there were multiple types of evidence on the interstate commerce link, and for all of the counts, there was evidence of the use of internet. And so even if the there was plenty of evidence on the use of the internet, which satisfied the interstate commerce requirement. So I would certainly underline that, and we're dealing with a plain error standard, and there is no applicable case in the Sixth Circuit, and I believe elsewhere, that would exclude this evidence. Were the country of origin labels introduced only for one count, or were they introduced for multiple counts? They were introduced for multiple counts, but the reason I focused on one of those counts in the brief is that for the other counts for which country of origin label was introduced, there were two other types of interstate commerce evidence. One was the internet, and the other was an independent statement of the expert about the international origin. So with respect to this one count, it was only the internet that was... It was only the internet and the country of origin label. So there was two as opposed to three for this one count. The one count, notably, was after they had objected and the district court had requested the United States to modify the way it was asking questions. So this country of origin label testimony was specifically tailored to the request of the United States, which was initiated by the defendant. So it's sort of an unusual circumstance. Thank you. Unless the court has other questions? Thank you. Your Honors, I would just like to focus briefly on the limited nature of the remedy that we're asking the court for today. My colleague correctly points out that there is nothing inherently wrong with ordering multiple competency evaluations. However, in this case, and as this court's decision in Davis makes clear, there must be some sort of intervening evidence or some reason for the court to determine that reasonable grounds to doubt the defendant's competency continue to exist. In this case, the evaluation was completed on August 19th and the second evaluation was requested on September 9th, I believe. So just not quite three weeks had passed between the competency evaluation and the request for the second one. There had been no proceedings in open court at that time. And again, on the record, the government pointed to no specific instances other than Mr. Pina's failure to answer certain questions during the evaluation that would have justified. Is it not enough that the court saw some description of how the defendant conducted himself in the evaluation, even though they found him competent, nonetheless there were things in the record that the court determined, let's get a second opinion? Are you saying that's not enough? You can't just look at the report itself from the first expert that maybe has some things in it that raises some questions in the judge's mind? Well, Your Honor, it is the court's duty to make the ultimate decision. So yes, it could be enough. But in this case, the district court made no findings regarding what factors moved it to order the second evaluation. It simply said the government has a right to request this and ordered it summarily. So it could be enough, but in this case it played no role. So you're stating there should have been something more on the record? Yes, Your Honor. There should have been some evidence weighing performed by the court. There should have been some weighing of the competing evidence, especially given the unique circumstance of this case is just how much evidence there was in front of the district court. And it was totally disregarded in ordering the second evaluation. And you said that it was a limited remedy when you got up for rebuttal. What did you mean? What is the remedy if we were to find in your favor that there was a speedy trial act violation? Well, the remedy in this case would be, I mean limited in the sense of it would not apply to very many cases. Okay, so specifically what would your... And dismissal of the indictment without prejudice. Without prejudice, so he could be retried then? Yes, he could, Your Honor. But it's limited in the sense that there is not... First of all, second competency evaluations are not often ordered. It's a very invasive process. In this case, the second evaluation took four months, moved Mr. Pina around from state to state, and the second evaluation took place itself in addition to the extensive transportation took place over the course of a month. And these, especially for the second time, these proceedings should not be ordered when there is no reasonable ground. This can prejudice... Don't you think the district judge is in a really hard spot, though, if he's concerned about the competency of someone, especially someone who wants to represent himself, and he's got perhaps what the examiner says is an uncooperative defendant? I mean, it seems like it's one of the less worse actions a district judge could take. Yes, Your Honor. But what is required in this case is just that... Just given the evidence before it, it is a tough position theoretically for a district court judge to be in. But in this case, the judge had ample evidence before him, and even if he had just considered it, just weighed the evidence and said, notwithstanding all this evidence I have in front of me, I'm going to order the second competency evaluation, that might have been enough. But the judge here did nothing of the sort. This is hard for all of us not having been there, but one option for a district judge would be to have an in-camera hearing, because of the sealed nature of the materials here. Do you know whether the record reflects that there was any in-chambers meeting of the judge and the counsel? There was a telephone conference conducted regarding Mr. Pina's competence on the subject, but it's just a docket entry, and there is no transcript, and I was not counsel below, so I do not know what the content of that hearing was. You've done an excellent job in getting familiar with the record and the case, counsel. You've got a difficult case to deal with. Thank you. Thank you, Your Honor. For these reasons, we ask you to vacate the sentence. Thank you. Dismiss the indictment without prejudice. And we thank you both for the argument, and Mr. Fox, we particularly thank you as a law student. I think you've done an excellent job, and you represent your school very well for your actions here today, and of course, the U.S. Attorney has done a fine job, too, but it's always a pleasure to see law students do excellent jobs. So thank you for your representation of your client. Thank you both for your representation of your clients, and the case will be submitted. Would the clerk call the next case, please?